| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**McCARTER & ENGLISH, LLP**<br>Joseph Lubertazzi, Jr., Esq.<br>Matthew B. Heimann, Esq.<br>100 Mulberry Street, Four Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br>Email: jlubertazzi@mccarter.com<br>mheimann@mccarter.com<br><br>and<br><br>**GOLDFARB PLLC**<br>Jeffrey Goldfarb, Esq. (*admitted pro hac vice*)<br>2501 N. Harwood St., Suite 1801<br>Dallas, Texas 75201<br>Telephone: (214) 583-2233<br>Facsimile: (214) 583-2234<br>Email: jgoldfarb@goldfarbpllc.com<br><br>*Attorneys for Creditor*<br>*JPMCC 2002-CIBC4 Highland Retail, LLC* | Relates to Docket No. 52 |
| In re:<br><br>VILLA PIZZA SPECIALTIES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-31057 (RG)<br><br>Hon. Rosemary Gambardella, U.S.B.J. |

**CREDITOR JPMCC 2002-CICB4 HIGHLAND RETAIL, LLC'S MEMORANDUM OF LAW IN FURTHER REPLY TO MOTION TO DISMISS**

The Debtor, Villa Pizza Specialties, Inc. (the "Debtor" or "Villa Pizza"), evaded discovery and JPMCC's[1] efforts to develop the factual record in this case, arguing that the discovery was potentially moot in light of the pending Motion to Dismiss. The Debtor simultaneously opposed the Motion to Dismiss by submitting written testimony on subjects that JPMCC sought to develop through its Rule 2004 document requests and deposition. The Court

[1] JPMCC 2002-CICB4 Highland Retail, LLC, refers to itself as "JPMCC."

should not permit the Debtor to refuse to respond to discovery and disclose material information while simultaneously allowing the Debtor to offer purported testimony and evidence to challenge the Motion to Dismiss. JPMCC, therefore, respectfully requests that the Court strike the Certification of Biagio Scotto [Docket No. 61] offered in support of the Debtor's opposition to the Motion to Dismiss.

Even if the Court were to consider the Certification, the Debtor's submission does not change the fact that this is a two-party dispute subject to dismissal. Indeed, the Debtor does not controvert the testimony that JPMCC offered. As the Debtor admits, the "filing of this Chapter 11 stopped [JPMCC]'s attempts to" collect on its judgment. [Docket No. 61-1 at 5.] The Debtor filed this proceeding amid (and to forestall) JPMCC's collection efforts in Texas state court. "Generally, where a debtor's reorganization effort involves essentially a two-party dispute that is resolvable in state court, dismissal for cause is warranted." *In re Shar*, 253 B.R. 621, 636 (Bankr. D.N.J. 1999) (Gambardella, J.) (internal quotations omitted).

The Debtor claims that its "primary asset" is its El Paso restaurant, but this ignores other assets and claims. According to its own schedules, the Debtor has over $142,000 in preference actions against insiders, which the Debtor has taken no steps to prosecute. [Docket No. 17-1]; *see also, e.g.*, 11 U.S.C. § 550(a) (allowing the trustee to recover preferentially transferred property "for the benefit of the estate"). The Debtor's estate also has alter-ego claims against related entities, which the Debtor (unsurprisingly) has also taken no steps to prosecute. *See, e.g.*, *In re Buildings by Jamie, Inc.*, 230 B.R. 36, 44 (Bankr. D.N.J. 1998) ("This court concludes that the alter ego claim belongs to the bankruptcy estate and, therefore, is properly asserted by the trustee as representative of the estate."). This case was filed almost a year ago, yet the Debtor has not filed a proposed plan of reorganization. So long as the Debtor remains in charge of the bankruptcy process and continues to delay, the creditors' ability to realize value from all of the Debtor's assets and interests will be frustrated.

If the Court declines to strike the Certification, JPMCC requests that the Court withhold decision on the Motion to Dismiss until such time as JPMCC is permitted to conduct discovery in accordance with its Rule 2004 subpoena. Such discovery will allow JPMCC to supplement the record with additional evidence supporting dismissal or, if appropriate, appointment of a trustee to marshal all assets available to the estate and the creditors.

WHEREFORE, Creditor JPMCC respectfully requests that the Court dismiss Debtor Villa Pizza's Chapter 11 petition and grant JPMCC all further relief to which the Court finds JPMCC justly entitled.

Dated: August 12, 2016
Newark, NJ

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: *<u>/s/ Joseph Lubertazzi, Jr.</u>*
Joseph Lubertazzi, Jr., Esq.
Matthew B. Heimann, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
jlubertazzi@mccarter.com
mheimann@mccarter.com

and

**GOLDFARB PLLC**
Jeffrey Goldfarb, Esq. (admitted *pro hac vice*)
2501 N. Harwood St., Suite 1801
Dallas, Texas 75201
Telephone: (214) 583-2233
Facsimile: (214) 583-2234
Email: jgoldfarb@goldfarbpllc.com

*Attorneys for Creditor*
*JPMCC 2002-CIBC4 Highland Retail, LLC*